# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00258-CV

---

**Bobbi Battishia White, Appellant**

**v.**

**Michael J. Rogers, Appellee**

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 242-413-B, THE HONORABLE JACK JONES, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Bobbi Battishia White, acting pro se, filed a notice of appeal on April 22, 2019, from "the judgement rendered herein against Bobbi Battishia White." White included with her notice of appeal a "Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim" filed in the district court on March 19, 2019, and a "Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instrument Purporting to Create a Lien or Claim" (Finding and Conclusion) signed by District Court Judge Jack Jones on March 25, 2019. Although White purports to appeal the Finding and Conclusion under Texas Government Code section 51.903(c) (which provides an expedited procedure for removal of a fraudulent lien on property), the substance of her appeal does not challenge any lien. Rather, she complains of a temporary restraining order, a conservatorship determination, and a writ of

attachment, all of which were issued in the underlying family law case decided in 2016.[1]  *See In re White*, Nos. 03-18-00051-CV & 03-18-00325-CV, 2018 Tex. App. LEXIS 3340, at *1-2 (Tex. App.—Austin May 11, 2018, orig. proceeding) (raising similar complaints about 2016 temporary restraining order and conservatorship); *see also* Tex. Gov't Code § 51.903(c).  The time to file an appeal from the orders signed in 2016 has expired.  *See* Tex. R. App. P. 26.1.

On June 12, 2019, this Court requested that White file a written response demonstrating this Court's jurisdiction over her appeal.  Her filed response—which references appellate review of a finding as to the validity of a real-estate or personal-property lien and appellate review of an order overruling a motion to vacate the appointment of a receiver or trustee, while actually complaining of the orders issued in 2016—failed to demonstrate our jurisdiction.  Accordingly, we dismiss White's appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   July 18, 2019

---

[1]  White's request for the clerk's record in this appeal asked only for the inclusion of her final divorce decree signed July 25, 2012, and filings from May 9, 2016, through July 27, 2016.  Her brief complained only of the temporary restraining order signed on July 20, 2016, and a writ of attachment issued on July 25, 2016, in that case.